JOHN A. CASON, Executor, &c., v. JOHN T. CASON.

EXECUTOR AND ADMINISTRATOR: FINAL SETTLEMENT: CONSTRUCTIVE NOTICE: MISTAKE IN NAME OF DEFENDANT.—A citation to non-resident distributees, published by order of the Probate Court, on the application of an administrator, to make a final settlement, should be directed to the non-resident parties by their proper names; and a mistake in this respect, by the substitution of one Christian name for another, will vitiate the proceeding as to the party whose name is not correctly stated, and will render the final settlement void as to him.

APPEAL from the Probate Court of Yazoo county. Hon. R. B. Mayes, judge.

R. S. Holt, for appellant.

*Jones* and *Bowman,* and *Edward Bowman,* for appellee.

HANDY, J., delivered the opinion of the court.

This was a petition filed in the Probate Court of Yazoo county by the appellee, a legatee under the will of one John Cason, deceased, for the purpose of vacating an account of final settlement of the testator's estate made by the appellant, for various errors alleged therein.

The appellee was a non-resident of the State, where the account was returned, and an order of publication was made for the purpose of giving him and other legatees notice according to the statute; and among other grounds of objection to this proceeding, it is alleged that the final settlement which was allowed by the court was void for want of sufficient legal notice to the appellee.

It appears by the record, that the citation to the appellee, published by order of the court, was directed to " Alexander Cason, James Cason, and *Thomas* Cason, heirs, &c.," and that no notice whatever was given to *John T. Cason.* It is supposed that the last name, Thomas Cason, mentioned in the notice of publication, was erroneously inserted, instead of the proper name of the appellee, there being no such legatee as Thomas Cason. Upon this notice, which was duly published, and the proof of it filed, and made a matter of record in the proceeding of the court upon the final settlement, the court allowed the account.

It is manifest under this state of the case, that there was no such notice to the appellee as the law requires; and therefore that he was not bound by the action of the court, but that the proceeding was void as to him for want of jurisdiction. And, therefore, the court below properly proceeded to treat the final settlement as void as to the appellee, and to cause a new account to be stated.

Several exceptions were taken to the account as made and reported by the commissioner appointed by the court for that purpose. But they are the same as those made in the case of *James Cason* v. *John A. Cason, Executor,* which has been decided at this term, and are therein considered and disposed of. The validity of the final account, as to Alexander Cason, is also settled in that case.

The decree is affirmed.